FILED - LN
November 4, 2015 2:15 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: pjw / SCANNED BY: /

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# LANSING DIVISION

ALEXANDRA BEDFORD )
   10707 Baypines Lane )
   Henrico, VA 23238, )
    )
       Plaintiff, )    **1:15-cv-1139**
    )    **Janet T Neff**
v. )    **U.S. District Judge**
    )
    )
THE STATE OF MICHIGAN, )
   Serve On: )
   Bill Schuette )
   Michigan Attorney General's Office )
   G. Mennen Williams Building, 7th Floor )
   525 W. Ottawa St. )
   Lansing, MI 48909 )    **COMPLAINT WITH**
    )    **JURY DEMAND**
    )    <u>**ENDORSED HEREON**</u>
and )
    )
    )
CHIEF JUSTICE ROBERT P. YOUNG, JR., )
in his official capacity as Chief Justice of the )
Michigan Supreme Court, )
   Michigan Supreme Court )
   Hall of Justice, 6th Floor )
   925 W. Ottawa Street )
   Lansing, MI 48915 )
    )
    )
and )
    )
    )

1

2

| | |
|---|---|
| **MICHIGAN SUPREME COURT,** <br> **STATE COURT ADMINISTRATIVE** <br> **OFFICE** <br>     Hall of Justice <br>     925 W. Ottawa Street <br>     Lansing, MI 48909 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| and | ) <br> ) |
| **KALAMAZOO COUNTY** <br> **ADMINISTRATIVE SERVICES OFFICE** <br>     201 West Kalamazoo Avenue <br>     Kalamazoo, MI 49007 | ) <br> ) <br> ) <br> ) <br> ) |
| and | ) <br> ) <br> ) |
| **CHIEF JUDGE CURTIS J. BELL** <br> in his official capacity as Director of <br> the Administration of the Kalamazoo <br> County 9th Circuit Court, Michigan, <br>     1400 Gull Road <br>     Kalamazoo, MI 49048 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| and | ) <br> ) |
| **SUZANNE DARLING** <br> in her official capacity of ADA Coordinator <br> of the Kalamazoo County 9th Circuit Court, <br> Michigan, <br>     227 West Michigan Avenue <br>     Kalamazoo, MI 49007 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
|                 **Defendants.** | ) |

## INTRODUCTION

1. Alexandra Bedford, a qualified individual with diagnosed invisible disabilities, brings this Complaint against the State of Michigan; the Michigan Supreme Court, Division of State Court Administration; Chief Justice Robert P. Young Jr. in his official capacity as Chief Justice of the Michigan Supreme Court; Kalamazoo County 9th Circuit Court, and, Chief Judge Curtis J. Bell in his in his official capacity as Director of the Administration of the Kalamazoo County 9th Circuit Court, Michigan (collectively, "Defendants"). Defendants refused to provide the reasonable accommodations necessary to ensure that Dr. Bedford had access to the court proceedings, to wit, the assistance of an ADA advocate, telephonic appearances, slowing of the pace of speech in Court, allowing her to take notes, allowing short breaks in the proceedings, when she became symptomatic, allowing her to digitally record all proceedings for her private only to offset memory deficits when under stress, ensuring that she not be forced to speak or testify in Court under duress without her ADA advocate present, and to have a contact person at the Court she could telephone to answer basic questions regarding procedural issues. Defendants additionally refused, even when requested under FOIA, to provide any grievance procedure to Dr. Bedford. As a result of Defendants' failure to provide these accommodations, Dr. Bedford was excluded from effective access to court proceedings, in which she was Plaintiff, by reason of her disability. Defendants' refusal to provide reasonable accommodations to ensure Dr. Bedford's effective access to court proceedings violates Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## JURISDICTION

2. Jurisdiction over these claims is invoked pursuant to 28 U.S.C. §1331.

3. The acts and omissions of Defendants giving rise to this action occurred in Kalamazoo, MI and Lansing, MI, making venue proper in this judicial district, pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff, Alexandra Bedford, is a resident of the Commonwealth of Virginia and resides at 10707 Baypines Lane Henrico VA 23238.

5. Defendant, State of Michigan, is responsible for the administration of the Judicial Branch of Michigan. This action concerns the administration of two courts: Michigan Supreme Court and the Kalamazoo 9th Circuit Court. The State of Michigan is the recipient of federal financial assistance.

6. Defendant, Chief Justice Robert P. Young Jr., is Chief Justice of Michigan Supreme Court. His office is located at Hall of Justice, 6th Floor, 925 W. Ottawa Street, Lansing, MI 48915. He is being sued in his official capacity.

7. Defendant, Michigan Supreme Court, State Court Administrative Office, ("SCAO"), "provides direct management assistance to trial court chief judges and staff in the administration of judicial business. Regional offices work with the central office to implement Supreme Court judicial administration policy, monitor workload and caseflow, and to forge productive working relationships with local judicial system stakeholders." The SCAO is located at 925 West Ottawa Street, Lansing, MI 48909. The Michigan Supreme Court, SCAO is a recipient of federal financial assistance.

8. Defendant, Kalamazoo County Administrative Services, "assists in the development, implementation, and maintenance of management policies, programs, and organization that meet the needs of Kalamazoo County Government and is responsible for coordinating and administering all financial operations of the County. The County Board is primarily responsible for funding court operations, with assistance from the state for trial court operational expenses."

9. Defendant, Chief Judge Curtis J. Bell is Chief Judge of the Kalamazoo County 9th Circuit/Probate Court, located at 1400 Gull Road, Kalamazoo, MI 49048. He is recognized by Michigan Statute as being the principal administrator of the officers and the personnel of the Kalamazoo County 9th Circuit Court. He is being sued in his official administrative capacity.

10. Defendant, Suzanne Darling, is the ADA Coordinator of the Kalamazoo County 9th Circuit Court, Michigan, located at 227 West Michigan Avenue Kalamazoo, MI 49007. She is being sued in her official administrative capacity.

## FACTUAL ALLEGATIONS

11. Plaintiff, Dr. Bedford, is an individual with an invisible disability.

12. Dr. Bedford is substantially limited in the major life activities of thinking, concentration, hearing, seeking, receiving and remembering information, expressive speech, sleeping, eating, communicating and by high blood pressure.

13. Dr. Bedford is a plaintiff in Bedford v Abushmaies, Kalamazoo Circuit Court Case No. 2007-7244 DM.

14. At no time did Kalamazoo Circuit Court provide Dr. Bedford with any auxiliary aids or services necessary to ensure an equal opportunity for her to participate in Defendants' programs and services.

### Kalamazoo County Circuit Court and Michigan SCAO

15. On or about May 5, 2015, prior to a hearing scheduled on or about June 4, 2015, Susan Fritz, who lives in Kalamazoo County, attended the Kalamazoo County Circuit Court on 1400 Gull Road, Kalamazoo, MI 49048 to hand deliver an accommodation request that had been written by Dr. Bedford. The envelope containing the accommodation request was addressed to Suzanne Darling, the ADA Administrator of Kalamazoo Circuit Court, and was marked "Private and Confidential."

16. In this accommodation request, Dr. Bedford requested "the ability to appear by telephone and have a Certified ADA Advocate present at all hearings.", to enable her to have access to the court proceeding scheduled for on or about June 4, 2015. On or about April 16, 2015, Chief Judge Curtis J. Bell had previously ordered that Dr. Bedford be allowed to attend this hearing by telephone.

17. The clerk at the front desk of the Kalamazoo County Circuit Court opened the envelope addressed to Suzanne Darling that was marked "Private and Confidential", that contained Dr. Bedford's request, in front of several people in the clerk's office, who read the contents of Dr. Bedford's HIPAA-protected request.

18. Dr. Bedford received no response whatsoever from Suzanne Darling regarding her request.

19. On June 3, 2015, with the assistance of Dr. Karin Huffer, whom she had hired to be her ADA advocate, Dr. Bedford submitted a second ADA request for accommodations to Suzanne Darling. Dr. Bedford requested 1) distance appearances, 2) to have the pace of speech in the court proceedings slowed to allow her to take notes, 3) to be allowed to take short breaks during the proceedings when she became symptomatic, 4) to be allowed to digitally record the proceedings for her private use to offset memory deficits, 5) to have an ADA Advocate present with her in the court proceedings, 6) to not be forced to testify or speak in court under duress, without her accommodations in place, 7) to be allowed time to consider proposals and feedback from the court in a non-court setting, and 8) to have a contact person at the court to telephone when needed for basic procedural questions and courtesy information.

20. Dr. Bedford paid Dr. Huffer $1,875.00 to function as her ADA advocate and assist her in preparing her ADA requests for accommodation.

21. On or about June 4, 2015, Dr. Bedford attended the hearing before Chief Judge Curtis J. Bell, Kalamazoo Circuit Court. In this hearing, Kalamazoo County Circuit Court did not provide Dr. Bedford with any requested accommodations, auxiliary aids or services she had requested on May 5, 2015 and June 3, 2015, or was her request for accommodations addressed. In this hearing, Chief Judge Curtis J. Bell set the next hearing date of September 3, 2015 and stated that Dr. Bedford could appear by telephone.

22. As a result of the inaction of Suzanne Darling and the Kalamazoo Circuit Court, Dr. Bedford had severe anxiety before, during and after the hearing on or about June 4, 2015 and difficulty understanding, concentrating, communicating and participating in the court proceedings.

23. By June 17, 2015, Suzanne Darling had not responded in any way to Dr. Bedford's requests for accommodations of May 5, 2015 and June 3, 2015. Dr. Bedford sent several emails to Suzanne Darling between June 17, 2015 and July 7, 2015, requesting a status update on her requests for accommodation. Dr. Bedford additionally sent multiple emails to Jim Inloes at the State of Michigan SCAO, requesting his assistance in obtaining a response to her requests for accommodation, when her emails were unanswered by Suzanne Darling.

24. On July 8, 2015, Chief Judge Curtis J. Bell entered an order precluding Dr. Bedford from telephoning or "communicating orally" with court staff. This order was signed and entered without any evidentiary or testimonial justification and without any hearing on the extra-judicially derived findings contained therein.

25. On July 9, 2015, Suzanne Darling responded to Dr. Bedford's request for accommodation of June 3, 2015. Suzanne Darling's response denied all of Dr. Bedford's requests and did not address Dr. Bedford's request for an ADA advocate in any way.

26. On July 9, 2015, Dr. Bedford attempted to located Kalamazoo County Circuit Court's published grievance procedure online, but was unable to do so, since one did not exist at the time.

27. Dr. Karin Huffer, Dr. Bedford's ADA advocate, drafted a grievance using the sample federal form available online. Dr. Bedford delivered this grievance to Suzanne Darling on or about July 29, 2015.

28. By August 10, 2015, Dr. Bedford had not received any response to her grievance. She sent an email to Suzanne Darling requesting that she provide a copy of Kalamazoo County

Circuit Court's published grievance procedure and that she be provided a link to where this grievance procedure was available online.

29. Dr. Bedford received no response to this email.

30. By August 17, 2015, Dr. Bedford had not received any response to her grievance.

31. On or about August 17, 2015, Dr. Bedford sent an email to Jim Inloes at the Michigan SCAO, requesting that the Michigan SCAO provide her with a copy of Kalamazoo County Circuit Court's grievance procedure and that addressing her accommodation issues was a time-sensitive matter as a hearing was approaching on September 4, 2015.

32. On or about August 18, 2015, Dr. Bedford received a letter signed by Chief Judge Curtis J. Bell, stating, "I find that the letter dated July 9, 2015 from Circuit Court Administrator Suzanne Darling regarding accommodations for the petitioner to be reasonable. [sic] I deny the grievance."

33. On or about August 13, 2015, Judge Paul J. Sullivan, Chairman of the Michigan Trial Court Performance measures Committee, issued a memorandum indicating concern over the lack of compliance with the ADA by the local courts and the lack of training of the judges and the ADA coordinators. This memorandum gave local judges and ADA coordinators six months to become trained.

34. At the time Judge Curtis J. Bell and Suzanne Darling made decisions or lack thereof regarding Dr. Bedford's ADA requests, they were untrained and Kalamazoo County Circuit Court, under the administrative control and direction of Judge Curtis J. Bell, was non-compliant with the requirements of the ADA.

Circuit Court's published grievance procedure and that she be provided a link to where this grievance procedure was available online.

29. Dr. Bedford received no response to this email.

30. By August 17, 2015, Dr. Bedford had not received any response to her grievance.

31. On or about August 17, 2015, Dr. Bedford sent an email to Jim Inloes at the Michigan SCAO, requesting that the Michigan SCAO provide her with a copy of Kalamazoo County Circuit Court's grievance procedure and that addressing her accommodation issues was a time-sensitive matter as a hearing was approaching on September 4, 2015.

32. On or about August 18, 2015, Dr. Bedford received a letter signed by Chief Judge Curtis J. Bell, stating, "I find that the letter dated July 9, 2015 from Circuit Court Administrator Suzanne Darling regarding accommodations for the petitioner to be reasonable. [sic] I deny the grievance."

33. On or about August 13, 2015, Judge Paul J. Sullivan, Chairman of the Michigan Trial Court Performance measures Committee, issued a memorandum indicating concern over the lack of compliance with the ADA by the local courts and the lack of training of the judges and the ADA coordinators. This memorandum gave local judges and ADA coordinators six months to become trained.

34. At the time Judge Curtis J. Bell and Suzanne Darling made decisions or lack thereof regarding Dr. Bedford's ADA requests, they were untrained and Kalamazoo County Circuit Court, under the administrative control and direction of Judge Curtis J. Bell, was non-compliant with the requirements of the ADA.

35. On or about August 25, 2015, Dr. Bedford received an email from Amanda Mulholland, containing a document entitled "Ninth Judicial Circuit Court Policy". This document, written in part by Suzanne Darling stated, in part: "If the request for accommodation is denied or if the accommodation does not successfully establish effective communication, the applicant may file a grievance in accordance with the court's established grievance procedure. Upon request, the court shall provide the applicant a copy of the court's established grievance procedure." No copy of this "established grievance procedure" was attached.

36. On August 27, 2015, Dr. Bedford submitted her third request for accommodation, specifically again for telephonic appearances and the assistance of an ADA advocate to appear with her in court proceedings. She submitted a supporting letter from her ADA advocate, Dr. Karin Huffer, which stated, "Alexandra Bedford is a qualified person under the Americans with Disabilities Act requiring accommodations. She needs to make it clear that she must have an advocate present with her either in person or telephonically for any meeting, legal proceeding, conducted in any form."

37. On August 31, 2015, Dr. Bedford submitted a FOIA request to Jim Inloes at the SCAO requesting, among other items, a copy of the published grievance procedure and the date on which this was uploaded to the Kalamazoo County Circuit Court website.

38. On or about September 1, 2015, Dr. Bedford received a response from Joseph J. Baumann, at the Michigan Supreme Court, stating that the courts and the SCAO were exempt from FOIA and, as a result, Dr. Bedford would receive no response to her request.

39. On or about September 1, 2015, Dr. Bedford received a response to her August 27, 2015 request for accommodations from Suzanne Darling. This response stated, …"if you are

asking for someone (an advocate) to be present with you at the counsel table, you must file a motion with the Circuit Court with a description of the role that advocate would hold." In addressing the grievance procedure, the response stated, "The grievance procedure is to file a grievance with the ADA Coordinator, which is me, the 9th Circuit Court Administrator. As indicated by Jim Inloes, we are in the process of getting the policy and procedures on the website as soon as possible."

40. Dr. Bedford did not receive a copy of the grievance procedure before the hearing on or about September 3, 2015.

41. Due to her HIPAA privacy concerns, Dr. Bedford did not file a motion to have her advocate present with her in the hearing on or about September 3, 2015.

42. In the hearing on or about September 3, 2015, Kalamazoo County Circuit Court did not provide Dr. Bedford with any requested accommodations, auxiliary aids or services she had requested on May 5, 2015, June 3, 2015 and August 27, 2015. In this hearing, Chief Judge Curtis J. Bell set the next hearing date of October 1, 2015 and verbally stated that Dr. Bedford had to appear personally.

43. As a result of the inaction of Suzanne Darling and the Kalamazoo Circuit Court, Dr. Bedford had severe anxiety before, during and after the hearing on or about September 4, 2015 and difficulty understanding, concentrating, communicating and participating in the court proceedings.

44. At no time since September 4, 2015 has Dr. Bedford received written notice or an order for her to appear personally on October 1, 2015 in front of Chief Judge Curtis J. Bell.

45. Kalamazoo County Circuit Court did not provide Dr. Bedford with any requested accommodations, auxiliary aids or services she had requested on May 5, 2015, June 3, 2015 and August 27, 2015, for the hearing on October 1, 2015. The inaction of the court caused Dr. Bedford severe anxiety regarding her inability to meaningfully access the court proceedings.

46. On or about September 30, 2015, Dr. Bedford sent an email to the court clerk of Chief Judge Curtis J. Bell expressing concern, in part, that her ADA accommodation requests had not been addressed in order to allow her to participate meaningfully in the court proceedings of October 1, 2015 in any way. This email was not acknowledged or was it answered.

47. At her own expense, Dr. Bedford had hired a local certified ADA advocate, Dr. Lillian Nunley, to attend the court proceedings on her behalf on October 1, 2015, in an attempt to have Dr. Bedford's accommodation requests addressed in order for her to access the court proceedings. Dr. Bedford had previously given Dr. Nunley limited power of attorney to speak on her behalf and represent her in all ADA matters.

48. Dr. Nunley attended the court proceedings on or about October 1, 2015. She stated to Chief Judge Curtis J. Bell that she was an ADA advocate, that Dr. Bedford had given her power of attorney to speak on Dr. Bedford's behalf and that she was present in the court proceedings in that capacity. Dr. Bedford paid Dr. Nunley $150.00 to attend the court proceedings on October 1, 2015 as her ADA advocate.

49. Chief Judge Curtis J. Bell intimidated and bullied Dr. Bedford's ADA advocate Dr. Nunley, refused to allow her to speak or to enter anything on the record on Dr. Bedford's behalf and threatened to imprison Dr. Nunley when she tried to speak and when she was taking notes.

50. On or about October 6, 2015, as Dr. Bedford's legal ADA advocate, Dr. Nunley met with Suzanne Darling in an effort to resolve Dr. Bedford's unresolved ADA accommodation requests and to obtain a copy of Kalamazoo County 9th Circuit Court's published grievance procedure.

51. Suzanne Darling refused to discuss Dr. Bedford's ADA accommodation requests and would not provide Dr. Nunley with a copy of the grievance procedure.

52. Dr. Bedford has not ever been provided with a copy of Kalamazoo County's grievance procedure. Dr. Bedford has requested that Suzanne Darling provide her with a copy of this over seven times since May, 2015.

53. At no time, since Dr. Bedford's original ADA request for accommodations or or about May 5, 2015, has any individual involved in Dr. Bedford's ADA requests for accommodation indicated that she is ineligible for accommodation as a result of her lack of qualification under the ADA.

## COUNT I
## (AMERICANS WITH DISABILITIES ACT)

54. Paragraphs 1 to 53 are realleged and reasserted as if fully set forth here. Dr. Bedford is an individual with a diagnosed individual disability qualifying her to protection under the ADA and ADAA, who wanted to have access to court proceedings in which she was a litigant. Accordingly, she is a qualified individual with disability as defined in 42 U.S.C. § 12131(2).

55. Defendants are a State government and a department, agency or other instrumentality of a State of State government; accordingly, Defendants are public entities as defined in 42 U.S.C. § 12131(1).

56. Title II of the ADA, 42 U.S.C.§ 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity."

57. Defendants have discriminated intentionally against Dr. Bedford in violation of Title II of the ADA, 42 U.S.C.§ 12132, by refusing to provide auxiliary aids and services necessary to ensure an equal opportunity for Dr. Bedford to participate in Defendant's programs and activities.

58. As a result of Defendants' actions and inactions, Dr. Bedford has been injured and suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## COUNT II
### (REHABILITATION ACT)

59. Paragraphs 1 to 58 are realleged and reasserted as if fully set forth here. Dr. Bedford is an individual with an invisible disability, who wanted to have access to court proceedings in which she was a litigant. Accordingly, she is a qualified individual with disability. Defendants are recipients of federal financial assistance.

60. Section 504 of the Rehabilitation Act, 29 U.S.C. §794, provides that no qualified individual with a disability, solely by the reason of his or her disability, may be "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

61. Defendants have discriminated intentionally against Dr.Bedford by refusing to provide auxiliary aids and services necessary to ensure an equal opportunity for Dr. Bedford to

participate in Defendant's programs in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

62. As a result of Defendants' actions and inactions, Dr. Bedford has been injured and suffered pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

a. To reimburse Dr. Bedford for the ADA advocate expenses of $2,025.00 she incurred in her unsuccessful attempts to effectively access the court proceedings;

b. To award compensatory damages to Dr. Bedford;

c. To award Dr. Bedford's costs;

d. To award Dr. Bedford any and all other relief as available and may be necessary and appropriate;

e. To order that Defendants immediately conform with Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and be required to provide auxiliary aids and services to ensure that qualified litigants with an invisible disability receive the benefits of effective participation in court proceedings throughout the State of Michigan.

Respectfully submitted,

_____
Alexandra N. Bedford D.V.M.
10707 Baypines Lane
Henrico, VA 23238
Phone: (310) 802-9169
Email: bedfordalexandra@gmail.com

15

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

_____
Alexandra N. Bedford D.V.M.
10707 Baypines Lane
Henrico, VA 23238
Phone: (310) 802-9169
Email: bedfordalexandra@gmail.com