UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXANDRA BEDFORD,

    Plaintiff,

v.

STATE OF MICHIGAN; CHIEF
JUSTICE ROBERT P. YOUNG, JR.;
MICHIGAN SUPREME COURT,
STATE COURT ADMINISTRATION
OFFICE; KALAMAZOO COUNTY
ADMINISTRATIVE SERVICES
OFFICE; ACTING CHIEF JUDGE
CURTIS BELL; and SUZANNE
DARLING;

    Defendants.

CASE NO.: 1:15-CV-1139

HON. JANET T. NEFF

**FIRST AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

Joseph P. Vredevelt (P69659)
*Attorney for Plaintiff*
9155 South Dadeland Boulevard
Suite 1412
Miami, Florida 33156
Tel./Fax: (888) 831-2357
cdlsmiami@gmail.com
cdlshouston@gmail.com

Gary Grant (P76261)
Assistant Attorney General
State of Michigan Attorney General's Office
*Attorneys for Defendants State of Michigan, Justice Robert P. Young, Jr., Michigan Supreme Court, and State Court Administrative Office*
Civil Litigation, Employment & Elections
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

Allan C. Vander Laan (P33893)
Sidney J. Bridge (P71474)
*Attorneys for Defendants Kalamazoo County Administrative Office, Chief Judge Curtis J. Bell, and Suzanne Darling*
2851 Charlevoix Dr. S.E. – Suite 327
Grand Rapids, MI 49546
(616) 975-7470

**PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1

COMES NOW, Plaintiff, Alexandra Bedford, by and through undersigned counsel, and files this, her First Amended Complaint and Demand for Jury Trial.

## INTRODUCTION

1. Alexandra Bedford (hereinafter referred to as, "Plaintiff") is a qualified individual with diagnosed invisible disabilities which substantially limit her major life activities of thinking, concentrating, hearing, communicating, sleeping, eating, as well as causes high blood pressure.

2. Plaintiff brings this Complaint against the State of Michigan; the Michigan Supreme Court, State Court Administration Office; Acting Chief Justice Robert P. Young, Jr. in his official capacity as Acting Chief Justice of the Michigan Supreme Court; Kalamazoo County Administrative Services Office; Acting Chief Judge Curtis J. Bell in his official capacity as Acting Chief Judge of the Kalamazoo County Ninth Circuit Court and its Administrative Services Office; and Suzanne Darling in her official capacity as Court Administrator for the Kalamazoo County Ninth Circuit Court (hereinafter, collectively referred to as ("Defendants").

3. Plaintiff was a litigant, requested reasonable accommodations under the Americans with Disability Act (hereinafter referred to as "ADA") and Defendants refused to provide the reasonable accommodations necessary for Plaintiff to have effective access to the court proceedings. Specifically, Plaintiff who suffers from extreme anxiety which symptoms include among other things, the inability to concentrate, understand, and speak in an effective manner when under stress, requested (1) telephonic hearings to be held for non-evidentiary hearings; (2) allowing short breaks in proceedings if Plaintiff was becoming symptomatic; (3) allowance to digitally record proceedings for her immediate and private use to offset memory deficits brought on by her condition, and for which written transcripts would not be available in a

timely manner; (4) the allowance of a disability advocate to aid her in relation to her disability during court proceedings; and (5) access to a court administrator regarding her accommodations.

4. Defendants State of Michigan, Michigan Supreme Court State Court Administrative Office's and Acting Chief Justice Robert P. Young, Jr.'s ADA policies were vague and arbitrary.  Upon information and belief, Defendants Kalamazoo County Administrative Services Office, Acting Chief Judge Curtis J. Bell, and Suzanne Darling did not have any ADA procedures in existence or in place at the time of the events that led to this Complaint; thus, leaving any decisions made by said Defendants to be arbitrary and capricious. Defendants The State of Michigan; The Michigan Supreme Court, State Court Administrative Office, and Acting Chief Justice Robert P. Young, Jr. had direct authority over the Kalamazoo County Defendants and had a duty to oversee decisions made by the Kalamazoo County Defendants regarding ADA policies, procedures, and grievances filed by complaining parties to ensure total compliance with the laws set forth under the ADA.  Any actions or inactions by the lower courts directly relates back to the Supreme Court and State of Michigan as a result.

5. As a result of Defendants' failure(s) to provide reasonable accommodations to Plaintiff, Plaintiff was excluded from effective access to the court proceedings by reason of her disabilities and suffered damages.

6. Defendant's refusal to provide reasonable accommodations to ensure Plaintiff's effective access to court proceedings violates Title II of the American's with Disabilities Act, 42 U.S.C. § 12131 et seq.; and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## JURISDICTION

7. Jurisdiction over these claims is invoked pursuant to 28 U.S.C. § 1331.

8.      The acts and omissions of Defendants giving rise to this action occurred in Kalamazoo, Michigan and Lansing, Michigan; making venue proper in this judicial district, pursuant to 28 U.S.C. § 1391(b).

### THE PARTIES

9.      Plaintiff, Alexandra Bedford, is a resident of the Commonwealth of Virginia and currently resides at 10707 Baypines Lane, Henrico, Virginia 23238.

10.     Defendant, State of Michigan, is responsible for the administration of the Judicial Branch of Michigan. This action concerns the administration of two courts: the Michigan Supreme Court and the Kalamazoo County Ninth Circuit Court. Art. VI, Sec. 1. of the Michigan State Constitution prescribes that Michigan is a unified court, specifically stating: "[t]he judicial power of the state is vested exclusively in one court of justice…." The State of Michigan is the recipient of federal financial assistance.

11.     Defendant, Acting Chief Justice Robert P. Young, Jr. is the Acting Chief Justice of the Michigan Supreme Court and in that capacity is the Chief Administrator of the State Court Administration Office and is being sued in his official capacity. His office is located at Hall of Justice, 925 W. Ottawa Street, 6th Floor; Lansing, Michigan 48915.

12.     Defendant, Michigan Supreme Court State Administrative Office, (hereinafter referred to as "SCAO"), provides direct management assistance to lower court chief judges and administrative staff in the administration of judicial business. Regional offices work with the central office to implement and employ Supreme Court administrative policy, monitor workload and caseflow, and to forge productive working relationships with local judicial system stakeholders. The SCAO is located at 925 W. Ottawa Street, Lansing, Michigan 48909. The Michigan Supreme Court SCAO is a recipient of federal financial assistance.

13. Defendant, Kalamazoo County Administrative Services Office, assists in the development, implementation, and maintenance of management policies, programs, and organizations that meet the needs of Kalamazoo County government and is responsible for coordinating and administering all financial operations of the County. Kalamazoo County Administrative Services Office receives financial assistance from the State of Michigan for trial court operational expenses. The Kalamazoo County Administrative Services Office is located at 201 W. Kalamazoo Avenue, Kalamazoo, Michigan 49007.

14. Defendant, Acting Chief Judge Curtis J. Bell, is the Acting Chief Judge of Kalamazoo County Circuit Courts. Acting Chief Judge Curtis J. Bell is being sued in his official capacity as the principal administrator of the officers and personnel of the Kalamazoo County Ninth Circuit Court. Acting Chief Judge Curtis J. Bell's office is located at 1400 Gull Road, Kalamazoo, Michigan 49048.

15. Defendant, Suzanne Darling, is the acting Court Administrator for Kalamazoo County. She is being sued in her official capacity. Suzanne Darling's office is located at 227 W. Michigan Avenue, 4th Floor; Kalamazoo, Michigan 49007.

## FACTUAL ALLEGATIONS

16. Plaintiff is an individual with an invisible disability.

17. Plaintiff's disability substantially limits her major life activities of thinking; concentrating; hearing, seeking, and retrieving information; expressive speech; sleeping; eating; communicating; and also causes high blood pressure.

18. Plaintiff is a litigant in *Bedford v. Abusmaies*, Kalamazoo County Circuit Court Case No.: 2007-7244-DM, in which Defendant Acting Chief Judge Curtis J. Bell was the presiding judge during the times alleged in this Amended Complaint.

19. At no time did Defendants provide Plaintiff with any auxiliary aids or services necessary to ensure an equal opportunity for her to participate in Defendants' programs and services.

20. Art. VI, Sec. 1. of the Michigan State Constitution prescribes that the Michigan judicial branch is to be a unified court, specifically stating: "[t]he judicial power of the state is vested exclusively in one court of justice…." Therefore, Defendants, State of Michigan; Chief Justice Robert P. Young, Jr.; and Michigan Supreme Court, State Court Administrative Office control and are responsible for the actions and/or omissions of Defendants, Kalamazoo County Circuit Court; Acting Chief Judge Curtis J. Bell; and Suzanne Darling in which it gave (pursuant to its ADA policy) the responsibility to consider, decide, or otherwise adjudicate requests for accommodations filed by litigants or other individuals seeking such accommodations under the ADA in their specific and individual courts.

21. Upon information and belief, Defendants Kalamazoo County Administrative Services Office; Acting Chief Judge Curtis J. Bell; and Suzanne Darling failed to have an ADA procedure in place at the time of Plaintiff's requests within in which to provide instruction on how they were to consider, decide upon, adjudicate, and oversee accommodation requests filed by litigants or the public at large seeking such ADA accommodations in Kalamazoo County. The State of Michigan Defendants are equally liable for the Kalamazoo County Defendants failure to have such a policy as it was the duty of the State of Michigan Defendants to ensure the lower court systems had such ADA policies in place.

22. On or about May 5, 2015, Plaintiff made a written request for accommodations to Defendant Suzanne Darling.

23. Plaintiff requested reasonable accommodations, specifically:

6

  a. The ability to appear for hearings by the use of telephone; and

  b. The allowance of a disability advocate to be present at all hearings to ensure Plaintiff's rights guaranteed under the ADA were protected and give Plaintiff the best opportunity to argue her case before the Court.

24. Defendants Suzanne Darling, Kalamazoo County Court Administrative Services Office and Acting Chief Judge Curtis J. Bell did not respond to Plaintiff's request for accommodations.

25. On or about June 3, 2015, Plaintiff expended approximately $1,875.00 of her own funds to hire a disability advocate to assist her in submitting a second request for accommodations with the Defendants Kalamazoo County Administrative Services Office, Acting Chief Judge Curtis Bell, and Suzanne Darling.

26. On or about June 3, 2015, Plaintiff submitted her second request for accommodations.

27. On or about June 4, 2015, Plaintiff personally appeared for a hearing in *Bedford v. Abusmaies*, and Defendants Kalamazoo County Administrative Services Office, Acting Chief Judge Curtis Bell, and Suzanne Darling did not provide Plaintiff with any requested accommodations, auxiliary aids, or services which she had requested in her May 5, 2015 and her June 3, 2015 requests. In fact, Acting Chief Judge Curtis Bell, who was the presiding judge in Plaintiff's case, did not address the requests at all either on the record, in a private session, or in a written response/order of the Court in his capacity as presiding judge in the case or as Acting Chief Judge for Kalamazoo County Circuit Court.

28. As a result of Defendants not considering or providing Plaintiff's accommodations request, Plaintiff became symptomatic and suffered extreme anxiety, had

difficult understanding, concentrating, communicating, and participating in the court proceedings.

29. Between June 17, 2015 and July 7, 2015, Plaintiff attempted several times to contact Defendant Suzanne Darling regarding her accommodations requests. Defendants Kalamazoo County Administrative Services Office, Suzanne Darling, and Acting Chief Judge Curtis J. Bell did not respond to any of Plaintiff's requests for resolution on her accommodation requests.

30. Plaintiff informed Defendant SCAO of Defendants Kalamazoo County Administrative Services Office, Suzanne Darling, and Acting Chief Judge Curtis J. Bell's failures to respond to her accommodations requests and subsequent requests for resolution.

31. All named Defendants failed to respond to any of Plaintiff's request for accommodations and requests for updates on the progress of her requests with the Court and its various administrative offices.

32. When becoming knowledgeable of the Defendants Kalamazoo County's failure in responding to Plaintiff, it was the duty of Defendant SCAO to ensure Plaintiff's requests were considered and resolved by the Defendants Kalamazoo County Administrative Services Office, Acting Chief Judge Curtis J. Bell, and/or Suzanne Darling.

33. On or about July 8, 2015, Defendant Acting Chief Judge Curtis J. Bell signed and entered a sua sponte order, ordering Plaintiff to cease and desist contacting Kalamazoo County Court personnel by telephone or "communicating orally" with them.

34. On or about July 9, 2015 Defendant Suzanne Darling responded to Plaintiff's requests for accommodation, denying Plaintiff's requests for accommodation.

35. Defendant Suzanne Darling failed to address Plaintiff's request for a disability advocate.

36. Upon information and belief, at the time of Defendant Suzanne Darling's denial of Plaintiff's request, Defendants Kalamazoo County Administrative Services Office, Acting Chief Judge Curtis J. Bell, and Suzanne Darling did not have an ADA policy in place, making Defendants' decision to deny Plaintiff's requests arbitrary and capricious.

37. On July 29, 2015 Plaintiff submitted a written request to Defendant Suzanne Darling regarding her denial of Plaintiff's accommodations request and also requesting that Kalamazoo County's ADA procedures as well as grievance procedures be provided or else made available to Plaintiff.

38. Defendants Suzanne Darling, Kalamazoo County Administrative Services Office, and Acting Chief Judge Curtis J. Bell failed to respond to Plaintiff's grievance and requests made therein.

39. On or about August 17, 2015 Plaintiff made a written request to Defendant SCAO asking that Defendant SCAO provide her with a copy of Kalamazoo County's grievance procedures as well as addressing her accommodation requests.

40. On or about August 18, 2015 Defendant Acting Chief Judge Curtis J. Bell responded via an official letter to Plaintiff, stating that he found Defendant Suzanne Darling's previous denial of Plaintiffs accommodations request to be reasonable and denied the Plaintiff's grievance and effectually the accommodation request.

41. Plaintiff's request for a disability advocate was not specifically addressed in this denial.

42. Upon information and belief, at the time of Defendant Acting Chief Judge Curtis J. Bell's denial of the grievance, Kalamazoo County Administrative Services Office did not have an ADA procedure in place, making the denial of Plaintiff's request arbitrary and capricious.

43. At the time Defendants Kalamazoo County Administrative Services Office, Acting Chief Judge Curtis J. Bell and Suzanne Darling made their decisions denying Plaintiff's requests, they were untrained and non-compliant with the requirements of the ADA. Upon information and belief, said Defendants were also on notice of a problem with their ADA policies, procedures, and actions when instructed by State administrative judges demanding the Defendants attend ADA training to rectify problems with their ADA policies and procedures.

44. On or about August 27, 2015, Plaintiff made a third request for accommodations with supporting documentation.

45. On or about August 31, 2015, Plaintiff made a Freedom of Information Act ("FOIA") request to Defendant SCAO regarding Kalamazoo County's grievance procedure as it relates to requests for accommodations as well as the dates in which these procedures were formed made available to the public.

46. On or about September 1, 2015, Defendant SCAO instructed Plaintiff that her FOIA request was denied, citing an exemption for FOIA requests.

47. On or about September 1, 2015, Defendant Suzanne Darling responded to Plaintiff, instructing that Plaintiff must file a written motion with the Court regarding her request for accommodation.

48. Upon information and belief, Defendant Kalamazoo County Administrative Services Office did not have an ADA policy in place and Defendant Suzanne Darling's order

10

that Plaintiff file a written motion that would become public record prior to Defendants' consideration of the accommodation request was arbitrary and capricious.

49. Plaintiff did not file written motion for the accommodation request to the court as her request was already presented in written fashion to the normal agency responsible for administration of such requests and based upon the fact that any motion before the court would be public record and invade Plaintiff's rights not to make details of her medical condition public record.

50. Upon information and belief, Defendants Suzanne Darling, Kalamazoo County Administrative Services Office, and Acting Chief Judge Curtis J. Bell have allowed a disability advocate to represent at least one litigant's request without requiring that litigant to file any written motion with the Court, making said Defendants' actions toward Plaintiff arbitrary, capricious and intentionally discriminatory in nature as Plaintiff is receiving disparate treatment from the Defendants.

51. During Plaintiff's hearing on or about September 3, 2015, Defendants did not provide Plaintiff with any of her requested accommodations, auxiliary aids, or services she had previously requested in her three (3) prior requests for accommodation.

52. Defendant Acting Chief Judge Curtis J. Bell did not address Plaintiff's requests for accommodation at the hearing and reset the matter for October 1, 2015, demanding that Plaintiff personally appear for the hearing.

53. As a result of Defendants not considering or providing Plaintiff's accommodations request, Plaintiff became symptomatic prior to and during the hearing and suffered extreme anxiety, had difficult understanding, concentrating, communicating, and participating in the court proceedings.

54. Plaintiff expended her own funds of at least $150.00 to pay for the assistance of a disability advocate to appear at the October 1, 2015 hearing and ensure Plaintiff's ADA rights were not infringed upon and that her requests were considered by the Court.

55. At the October 1, 2015, Defendant Acting Chief Judge Curtis J. Bell refused to allow Plaintiff's disability advocate to speak regarding Plaintiff's ADA accommodations requests and threatened the disability advocate with imprisonment when the disability advocate attempted to address the court as well as when the disability advocate attempted to take personal notes during the hearing.

56. On October 6, 2015, Plaintiff's disability advocate met with Defendant Suzanne Darling to resolve Plaintiff's accommodations requests as well as to obtain a copy of Kalamazoo County's grievance procedure and policy.

57. Defendant Suzanne Darling refused to speak with Plaintiff's disability advocate and refused to provide Plaintiff's disability advocate with a copy of Kalamazoo County's grievance policy as it pertains to accommodations requests.

58. Defendants have never made a determination that Plaintiff is ineligible to receive accommodations as a result of an alleged lack of a qualifying disability.

59. Defendants have never made a finding that Plaintiff's requests for accommodation are unreasonable due to lack of resources, that such accommodations would be unreasonable in that they would allegedly be overly burdensome to or otherwise greatly alter normal court proceedings, or that Defendants allegedly possess some exemption from under the ADA in regards to Plaintiff's request.

### COUNT I
### AMERICANS WITH DISABILITY ACT

60. Paragraphs 1 through 59 are alleged and reasserted as if fully set forth here.

61.     Plaintiff is an individual with a diagnosed and qualifying invisible disability who wanted access to the court proceedings in which she was a named litigant; accordingly, she is a qualified individual with disability as defined by 42 U.S.C. § 12131(2).

62.     Defendants are a State government and a department, agency or other instrumentality of a State or State government; accordingly, Defendants are public entities as defined in 42 U.S.C. § 12131(1).

63.     The State of Michigan is classified as a "unified-court state" on the basis that the State of Michigan's Constitution sets forth in Art. VI, Sec. 1 that the State of Michigan shall have one court; and therefore, Defendants State of Michigan; Michigan Supreme Court, State Court Administrative Office; and Acting Chief Justice Robert P. Young, Jr. are liable for Defendants' Kalamazoo County Administrative Services Office, Acting Chief Judge Curtis J. Bell, and Suzanne Darling's actions and omissions in creating, regulating, and enforcing an ADA policy by which Kalamazoo County and all of its agencies, departments, and court systems would conduct themselves in administering requests for accommodation under the provisions of the ADA.

64.     Title II of the ADA, 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

65.     Defendants have discriminated intentionally against Plaintiff in violation of Title II of the ADA, 42 U.S.C. § 12132, by refusing to provide auxiliary aids and services necessary to ensure an equal opportunity for Plaintiff to participate in Defendants' programs and activities.

Plaintiff's requests for accommodation were not unreasonable, would not have fundamentally altered the normal functions of the court or its normal procedures.

66. As a result of Defendants' actions and inactions, Plaintiff has been injured and suffered pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## COUNT II
## REHABILITATION ACT

67. Paragraphs 1 to 66 are realleged and reasserted as if fully set forth here.

68. Plaintiff is an individual with an invisible disability who wanted access to court proceedings in which she was a litigant. Accordingly, Plaintiff is a qualified individual with a disability.

69. Defendants are recipients of federal financial assistance.

70. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; provides that no qualified individual with a disability, solely by reason of his or her disability, may "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

71. Defendants have discriminated intentionally against Plaintiff by refusing to provide auxiliary aids and services necessary to ensure an equal opportunity for Plaintiff to participate in Defendants' programs in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

72. As a result of Defendants' actions and inactions, Plaintiff has been injured and suffered pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

a. To reimburse Plaintiff for all expenses incurred in her attempts to access court proceedings;

b. To award compensatory damages to Plaintiff;

c. To award Plaintiff attorneys' fees and costs;

d. To order that Defendants immediately conform with Title II of the Americans with Disability Act, 42 U.S.C. § 12131 et seq. and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and be required to provide qualified individuals with reasonable accommodations to ensure that qualified litigants and the public seeking similar accommodations receive the benefits of effective participation in court proceedings in Kalamazoo County and other courts throughout the State of Michigan; and

e. To award Plaintiff any and all other relief as available and may be necessary and appropriate;

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury for any and all matters and counts allowable.

Dated: February 16, 2016

Respectfully Submitted,

*/s/ Joseph P. Vredevelt*
Joseph P. Vredevelt (P69659)
*Attorney for Plaintiff*
9155 South Dadeland Boulevard
Suite 1412
Miami, Florida 33156

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing First Amended Complaint and Demand for Jury Trial was served upon the above-named defendants and Clerk of Court via the Western District of Michigan's CM/EFC system this 16th day of February, 2016.

*/s/ Joseph P. Vredevelt*
Joseph P. Vredevelt (P69659)
*Attorney for Plaintiff*
9155 South Dadeland Boulevard
Suite 1412
Miami, Florida 33156
Tel./Fax: (888) 831-2357
cdlsmiami@gmail.com
cdlshouston@gmail.com