# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540

| | | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: January 30, 2018

Mr. Douglas J. Curlew
Mr. Allan Craig Vander Laan
Cummings, McClorey, Davis & Acho

Mr. Adam Lee Spinelli Fracassi
Office of the Attorney General

Mr. Joseph Patrick Vredevelt

> Re:  Case No. 17-1344, *Alexandra Bedford v. State of Michigan, et al*
>       Originating Case No. : 1:15-cv-01139

Dear Counsel,

    The Court issued the enclosed Opinion today in this case.

Sincerely yours,

s/Briston S. Mitchell
Case Manager
Direct Dial No. 513-564-7082

cc:  Mr. Thomas Dorwin

Enclosure

Mandate to issue

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  18a0055n.06

Case No. 17-1344

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 30, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ALEXANDRA BEDFORD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| STATE OF MICHIGAN; COUNTY OF | ) | MICHIGAN |
| KALAMAZOO, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| _____/ | ) | |

Before:  MERRITT, MOORE, and BUSH, Circuit Judges.

**MERRITT, Circuit Judge.**  This federal case arises from domestic-relations litigation in family court in Kalamazoo, Michigan, in which plaintiff Alexandra Bedford was a party. Plaintiff appeals from a district court ruling in favor of defendants, the State of Michigan and the County of Kalamazoo, Michigan, dismissing pursuant to Federal Rule of Procedure 12(b)(6) her claims under the broad language of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq*., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  In the state-court action, plaintiff claimed as an "invisible disability" her particular tendency to become stressed or extremely nervous when engaged in litigation.  She asked the state court judge presiding over her domestic relations case to allow her to have a "disability advocate" represent her rather than a lawyer.  She asks this court to recognize "litigation stress" as a disability and as a basis for

Case No. 17-1344, *Bedford v. Michigan, et al.*

substituting a "disability advocate" with training in "litigation stress syndrome" to represent her in her domestic relations case.  For the following reasons, we affirm the district court's dismissal of plaintiff's complaint.  She has failed to state a claim demonstrating that she was denied a required accommodation for a recognized disability.

At the outset, it should be noted that the Supreme Court in *Tennessee v. Lane*, 541 U.S. 509 (2004), upheld the constitutionality of Title II against Eleventh and Fourteenth Amendment claims. The Court cautioned nevertheless that "Title II does not require States to employ any and all means to make judicial services accessible to persons with disabilities, and it does not require States to compromise their essential eligibility criteria for public programs."  *Id.* at 531-32.

## I.

Plaintiff was a litigant appearing before the state family court *pro se* when she sought accommodations for her alleged disability.  Plaintiff is represented by counsel in this action before our court, and she was represented by counsel below in the federal district court.  Plaintiff calls her disability a "diagnosed invisible disability," specifically "extreme anxiety" that triggers symptoms that include an "inability to concentrate, understand, and speak in an effective manner when under stress."  Second amended complaint at ¶¶ 1, 4.  Claiming physical and emotional injury, plaintiff maintains that

> Defendants have discriminated intentionally against Plaintiff in violation of Title II of the ADA, by refusing to provide auxiliary aids and services necessary to ensure an equal opportunity for Plaintiff to participate in Defendants' programs and activities.

Second amended complaint at ¶¶ 59-60 (citation omitted).  Plaintiff submitted numerous requests to the Michigan state court to provide accommodations during three hearings held in 2015.  In her second amended complaint, filed in federal district court below, she included the following five requested accommodations she made to the state court:  (1) that telephonic hearings be held

Case No. 17-1344, *Bedford v. Michigan, et al.*

for nonevidentiary hearings; (2) allow short breaks in proceedings if plaintiff was becoming symptomatic, i.e., "stressed"; (3) allow plaintiff to digitally record proceedings for her immediate and private use to offset memory deficits brought on by her condition, and for which written transcripts would not be available in a timely manner; (4) allow a "disability advocate" to act on her behalf during court proceedings; and (5) access to a court administrator regarding her accommodations.

Contrary to plaintiff's claim that the state court denied her requests for accommodations, the record discloses that the state court specifically allowed plaintiff to appear by telephone for nonevidentiary hearings, and stated it always tried to accommodate litigants' reasonable requests for short breaks during proceedings.[1]   The court denied her request to record proceedings because all court proceedings are recorded and transcripts are available.  The court denied her request for representation by a "disability advocate" because the advocate was not a lawyer, and it denied her request for access to a court administrator to the extent that plaintiff wished unfettered, direct access to court personnel.  Instead, the court ruled that plaintiff's requests for accommodations must be in writing to be considered.

In late 2015, plaintiff filed her first complaint in federal court claiming violation of Title II of the Americans with Disabilities Act and the Rehabilitation Act by numerous individual and institutional defendants in the State of Michigan.  After two more amendments to the complaint, the district court dismissed the complaint for failure to state a cognizable claim under the Americans with Disabilities Act or the Rehabilitation Act on two grounds:  (1) that plaintiff did not "allege specific facts that would plausibly describe a qualifying disability;" and (2) failure to

---

[1] In addition to the allegations in the complaint, we may also consider other materials that are integral to the pleadings or are attached to the pleadings, including public records, and documents that are otherwise appropriate for the taking of judicial notice, such as transcripts and filings from a state court proceeding.  *See Ashland, Inc. v. Oppenheimer & Co.*, 648 F.3d 461, 467 (6th Cir. 2011).

Case No. 17-1344, *Bedford v. Michigan, et al.*

"allege facts to show that she was denied 'access' to the courts either 'solely' by reason of such 'disability' or that she would have been treated differently 'but for' her 'disability.'"  D. Ct. op. at 6.

## II.

To survive a motion to dismiss, a plaintiff must allege facts with sufficient specificity to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.* at 678, and instead "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Under the standard set out in *Iqbal* and *Twombly*, a court accepts as true all factual allegations, but the court does not apply this presumption of truth to conclusory or legal assertions.  *Iqbal*, 556 U.S. at 678–79.  If the plaintiff's facts, accepted as true, do not state a claim that has facial plausibility, the plaintiff has not satisfied the pleading requirements under Rule 8, and the complaint will be dismissed.  We review the district court's ruling on a motion to dismiss *de novo*.  *In re NM Holdings Co.*, 622 F.3d 613, 618 (6th Cir. 2010).

Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, states in broad language that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  The broad language of the statute and regulations leaves it to the federal judiciary to define what is a "disability" and what action constitutes a required accommodation for such disability.  To sustain a claim, a disabled person must be denied meaningful access to a benefit or service.  *Alexander v. Choate*, 469 U.S. 287, 301 (1985).  Reasonable accommodation may be necessary to ensure meaningful access;

- 4 -

Case No. 17-1344, *Bedford v. Michigan, et al.*

and a refusal to modify a program or policy may, in view of the circumstances, become unreasonable and discriminatory. *Id.*; s*ee also Ability Center v. City of Sandusky*, 385 F.3d 901, 907 (6th Cir. 2004). The language of Title II generally tracks the language of Section 504 of the Rehabilitation Act, and the jurisprudence interpreting either section is applicable to both and should be interpreted and applied consistently. *See MX Group, Inc. v. City of Covington*, 293 F.3d 326, 332 (6th Cir. 2002).

To establish a claim under Title II of the Americans with Disabilities Act, a plaintiff must show: (1) that she is a qualified individual with a disability; (2) that she was excluded from participation in a public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion or discrimination was by reason of her disability. *See Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

## A.  Plaintiff's Alleged Disability

To survive a motion to dismiss, the plaintiff must first demonstrate that she is disabled within the meaning of the Americans with Disabilities Act, and that such "impairment [ ] substantially limits one or more major life activities."  42 U.S.C. § 12102(1)(A).  Major life activities include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).

The district court ruled that plaintiff's pleading contained "merely conclusory assertions that she has a disability" because she does not allege specific facts that would plausibly describe a qualifying disability.  D. Ct. op. at 6 (citing *Marks v. Tennessee*, 562 F. App'x 341, 346 (6th Cir. 2014)).  While we agree that the "bare bones" description in plaintiff's pleading is lacking in

Case No. 17-1344, *Bedford v. Michigan, et al.*

detail, plaintiff's accommodation request for the hearing dated June 4, 2015, describes her

"functional impairments" more fully:

> Bedford is concerned that her symptoms have caused her to be misperceived by
> the Court as uncooperative or resistant. In fact problems with expressive speech
> and concentration slows her reaction time. It is important to notice that Dr.
> Bedford's impairment is an injury that is largely invisible. When under the stress
> of litigation, she may appear to be functional on a superficial level even when she
> is not. Dr. Bedford's functioning is highest when she is in supportive and safe
> environments. Her functioning deteriorates when she is in non-supportive, unsafe
> environments, or when she is under any perceived time pressure or stress.
> Concentration is affected causing communication difficulties. Stress is causing
> somatic symptoms. Dr. Bedford—during litigation—cannot sleep normally, rest,
> or recuperate due to traumatic stress symptoms including nightmares and startle
> responses (i.e., she jumps when doorbell rings). She has hyper reactivity/hyper
> arousal and she can't eat or sleep or digest food normally.

Accommodation Request at 2.

Although we uncovered no case where a court has recognized stress caused by litigation

to qualify as a disability covered by the Americans with Disabilities Act or the Rehabilitation

Act, and we do not do so here, depression and severe anxiety, whatever its cause, can rise to the

level of a disability. *See, e.g., Jacobs v. N.C. Admin. Office of the Courts,* 780 F.3d 562, 572

(4th Cir. 2015) (anxiety can be a valid disability for purposes of the ADA); *Santos v. City of New

York*, No. 01-cv-0120, 2001 WL 1568813, *4 (S.D.N.Y. Dec. 7, 2001) (stress and depression

may be considered impairments depending on whether they result from a documented

physiological or mental disorder); *Reilly v. Revlon, Inc*., 620 F. Supp. 2d 524, 539 (S.D.N.Y.

2009) (finding that depression may qualify as a disability for purposes of the Americans with

Disabilities Act, "provided that the condition is not a 'temporary psychological impairment'").

We will assume, at this stage of the litigation, that plaintiff has a qualifying disability.

Case No. 17-1344, *Bedford v. Michigan, et al.*

## B. Plaintiff's Requested Accommodations

In her brief for this appeal, plaintiff challenges the district court's dismissal of her complaint on the issue of whether she has sufficiently alleged a qualifying disability in her second amended complaint. The accommodations she seeks reflect the nature of the disability she asserts. Plaintiff has not made any argument in her brief on appeal discussing how the handling of her accommodation requests excluded or limited her access to the state court, or how she was otherwise discriminated against based on her alleged disability.

Under Title II of the Americans with Disabilities Act, an individual may assert a claim against a state or its employees for violation of the right of access to the courts. *Tennessee v. Lane*, 541 U.S. at 533–34. The Disabilities Act requires reasonable accommodations for persons with disabilities, to provide them "an even playing field," but does not require that disabled persons be treated preferentially or necessarily be given the accommodation of their choice. *Goldblatt v. Geiger*, 867 F. Supp. 2d 201, 210 (D.N.H. 2012) (quoting *Felix v. New York City Transit Auth.*, 324 F.3d 102, 107 (2d Cir. 2003)). In *Lane*, the Supreme Court held that Title II of the Americans with Disabilities Act's "requirement of program accessibility" in the context of the right of access to the courts "unquestionably is valid . . . as it applies to the class of cases implicating the accessibility of judicial services." 541 U.S. at 534. But, as quoted in the introduction to this opinion, *Lane* cautioned that Title II requires only "reasonable modifications that would not fundamentally alter the nature of the service provided," not "to employ any and all means to make judicial services accessible to persons with disabilities." *Id.* at 531–32 (internal quotation marks omitted).

In her second amended complaint, plaintiff enumerated five accommodation requests she submitted to the state court. Plaintiff's primary complaint is focused on the state court's denial

- 7 -

Case No. 17-1344, *Bedford v. Michigan, et al.*

of her request to present her case through a "disability advocate."  We note that in response to at least one of plaintiff's requests for a disability advocate, plaintiff was directed to file a written motion with the court if she wanted her disability advocate to be present with her when she appeared in court.  Plaintiff objected to filing a written motion and apparently did not do so.  At the October 1, 2015, show-cause hearing concerning plaintiff's failure to pay certain court-ordered fees, plaintiff did not appear in person and instead sent her "disability advocate" to represent her.  Because the person was not a lawyer, the court denied the person permission to speak on plaintiff's behalf because Michigan does not allow the unauthorized practice of law. *See* Mich. Comp. Laws § 600.916(1).

As the state court judge ruled, Michigan law generally prohibits appointment of a nonlawyer to represent a party in state court.  Plaintiff points to no authority that would require a court to allow a "disability advocate" to substitute for representation by a lawyer, and she fails to explain why she did not file a written motion requesting her "disability advocate" participate in the proceedings when told this was necessary for the state court to consider her request.  The Americans with Disabilities Act does not require that a state court in a family-court proceeding approve an accommodation that allows a party to present her case through a nonlawyer "disability advocate" in violation of state law when the party did not file a motion as directed.  Plaintiff has the same right as all litigants to be assisted in court proceedings by a lawyer or to speak on her own behalf, with or without the assistance of a lawyer.  Imposing a federal duty to allow a litigant to act through a "disability advocate" without complying with the state court's requirement to file a written motion on the issue would "fundamentally alter the services" provided by the court in violation of *Lane* and is not a reasonable modification.  Plaintiff was not denied access to the court or prevented from participating in the proceeding either *pro se* or with

Case No. 17-1344, *Bedford v. Michigan, et al.*

a lawyer.  Plaintiff represented herself competently at numerous points throughout the state-court proceeding.  The number of filings made and hearings held in the proceeding belie plaintiff's allegation that she was denied meaningful access to the courts.  And the state court did make reasonable modifications to its proceedings in response to plaintiff's other requests.

Even assuming plaintiff had a qualifying disability, she has not alleged facts to show that she was denied access to the state court.  In short, construing the second amended complaint, with its allegations accepted as true and all reasonable inferences drawn in her favor, along with consideration of the record in the state court proceeding, plaintiff failed to state a cognizable claim.

For the foregoing reasons, we affirm the judgment of the district court.